UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EUGENE KAMMER, individually and on behalf of other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>CET INCORPORATED,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 2:21-cv-00083<br>)<br>) Judge<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Eugene Kammer ("Plaintiff"), individually and on behalf of all others similarly situated, known and unknown, through his attorneys, for his Complaint against CET Incorporated ("CET" or "Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this case against Defendant to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter, "FLSA").

2. Plaintiff and other workers like him (collectively, the "Straight Time Workers") were not paid overtime as required by the FLSA for work they performed for Defendant.

3. Plaintiff and the similarly situated Straight Time Workers are those CET employees who were paid the same hourly rate for all hours worked, including those in excess of 40 hours in an individual workweek at any work location.

4. Plaintiff brings this lawsuit to recover unpaid overtime on behalf of himself and other Straight Time Workers who elect to opt-in to this action.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331(a) because this Action involves a federal question under the FLSA.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

7. CET is incorporated in the state of Indiana.

8. CET regularly assigns workers to work for third-party client companies, like ArcelorMittal Burns Harbor, LLC ("Arcelor"), in this judicial district and division.

## THE PARTIES

9. Kammer is a resident and citizen of the State of Indiana.

10. Defendant CET is "a consulting engineering firm that provides a full spectrum of professional services that support heavy industrial, commercial and municipal clients. [Its] services include all disciplines of engineering as well as construction management, cost management and project start up services." https://www.linkedin.com/company/cet-incorporated/about/ (last visited March 1, 2021).

## BACKGROUND FACTS

11. Kammer was employed by CET as a Labor Shop Foreman at Arcelor's Burns Harbor, Indiana facility from on or about February 2017 until on or about May 1, 2020.

12. In one or more workweeks during the prior three years while working for CET, Kammer was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

13. CET paid Kammer for the work he performed for it at Arcelor.

2

14. During his employment by CET, Plaintiff was an hourly paid employee.

15. Kammer was paid varying hourly rates during different time periods of his employment, including $20 per hour, $25 per hour, $27 per hour and $30 per hour.

16. Plaintiff was only paid his straight time rate for the hours he worked each week.

17. For example, for the pay period between January 11, 2019 to January 25, 2019 Kammer worked 120 hours and was paid for those hours at his straight time rate of $27.00.

18. In one or both of the workweeks during that pay period, Kammer worked over 40 hours.

19. For the pay period between May 11, 2019 to May 25, 2019, Kammer worked 110.70 hours and was paid for those hours at his straight time rate of $27.00.

20. In one or both of the workweeks during that pay period, Kammer worked over 40 hours.

21. For the pay period between January 11, 2020 to January 25, 2020, Kammer worked 114.90 hours and was paid for those hours at his straight time rate of $30.00.

22. In one or both of the workweeks during that pay period, Kammer worked over 40 hours.

23. For the pay period between February 26, 2020 to March 10, 2020, Kammer worked 103.40 hours and was paid for those hours at his straight time rate of $30.00.

24. In one or both of the workweeks during that pay period, Kammer worked over 40 hours.

25. Plaintiff did not receive overtime wages for all hours he worked in excess of 40 hours in one or more individual workweeks while working for Defendant.

26. Instead of receiving one-and-one-half times his regular rate of pay as required by the FLSA, Plaintiff only received "straight time" pay for overtime hours worked.

27. Defendant never guaranteed Plaintiff a minimum weekly salary irrespective of days or hours worked.

28. Defendant did not pay Plaintiff on a salary basis.

29. Defendant was aware of the overtime requirements of the FLSA.

30. Nevertheless, Plaintiff and other hourly employees did not receive overtime while working for CET.

31. Upon information and belief, CET employed more than 30 Straight Time Workers in the last 3 years.

## COVERAGE UNDER THE FLSA

32. In one or more workweeks during the prior three years, CET was Plaintiff's employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33. During each of the last three years, CET was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

34. During each of the last three years, CET was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

35. During each of the last three years, CET has had annual gross volume of sales made or business done of not less than $500,000.

36. At all times hereinafter mentioned, Plaintiff and the Straight Time Workers were engaged in commerce or in the production of goods for commerce.

## COLLECTIVE ACTION ALLEGATIONS

37. Kammer brings this action on behalf of himself and all other similarly situated hourly employees paid straight time for overtime, under the collective action provisions of the FLSA. *See* 29 U.S.C. § 216(b). The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> All individuals who worked for CET (whether directly or through third-party entities) during the past three years who were paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek), or, "straight time for overtime" (the "FLSA Class").

38. Kammer's consent form to act as a representative plaintiff is attached hereto as Exhibit A.

39. At all times relevant to this Complaint, Plaintiff and other members of the FLSA collective worked as non-exempt hourly employees eligible for overtime pay.

40. Defendant operated under a common policy of suffering, permitting and/or requiring Plaintiff and the FLSA collective to work overtime hours while not paying for such time at one-and-one-half times their regular rates of pay.

41. Defendant knew, or should have known, that Plaintiff and the FLSA collective routinely worked unpaid overtime hours.

42. Plaintiff and the FLSA collective regularly worked over forty (40) hours per workweek.

43. Defendant failed to pay Plaintiff and the FLSA collective for the overtime hours they worked.

44. Defendant's unlawful conduct was widespread, repetitious and consistent, affecting Plaintiff and all members of the FLSA collective equally.

45. Defendant's conduct was willful and in bad faith.

46. Defendant's conduct has caused significant damages to Plaintiff and the FLSA collective.

47. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA collective.

48. There are numerous similarly situated current and former employees of Defendant who have been denied proper overtime compensation, in violation of the FLSA.

49. These similarly situated employees would benefit from the issuance of court-supervised notice of this lawsuit for purposes of being informed of their opportunity to join.

50. Notice of this action should be sent to all similarly situated employees.

51. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## COUNT I
## Violation of the Fair Labor Standards Act
### (Collective Action)

52. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

53. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

54. Plaintiff and the FLSA collective are non-exempt employees entitled to FLSA overtime compensation for all hours worked in excess of forty (40).

55. Plaintiff and the FLSA collective work(ed) in excess of forty (40) hours per week but did not receive overtime compensation.

56. Defendant failed to compensate Plaintiff and the FLSA collective at one and one-half times their regular rates of pay for the overtime hours they worked.

57. The foregoing conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

58. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and those similarly situated have suffered and will continue to suffer a loss of income and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for the following relief:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated;

B. Pursuant to 29 U.S.C. § 216(b), prompt issuance of notice to all those similarly situated apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consent forms;

C. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

D. Judgment that Defendant failed to pay Plaintiff and those similarly situated in accordance with the standards set forth by the FLSA;

E. Judgment that Defendant's violations were willful;

F. An award in an amount equal to Plaintiff's and the similarly situated employees' unpaid back wages at the applicable overtime rate;

G. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and other penalties provided by law;

H. An award of prejudgment interest to the extent liquidated damages are not awarded;

  I. Pursuant to 29 U.S.C. § 216 and/or other applicable laws, an award of reasonable attorneys' fees and costs to be satisfied in full by Defendant; and

  J. All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the FLSA collective request that a jury of their peers hear and decide all possible claims.

            Respectfully submitted,

Dated: March 4, 2021

            /s/Douglas M. Werman
            One of Plaintiff's Attorneys


Douglas M. Werman
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
Email: dwerman@flsalaw.com