UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EUGENE KAMMER, individually and on behalf of other similarly situated employees, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CAUSE NO. 2:21-CV-83-PPS-JPK ) |
| CET INCORPORATED, | ) ) |
| Defendant. | ) ) |

# OPINION AND ORDER

Plaintiff, Eugene Kammer, filed this complaint individually and on behalf of all others similarly situated, for overtime pay as required by the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). As described more below, the limitations period for FLSA claims is two years, except an action arising out of a willful violation of the FLSA can be commenced within three years. Defendant, CET, filed a motion for judgment on the pleadings [DE 24], arguing Kammer has not sufficiently alleged willfulness; therefore, any claims outside the general two-year statute of limitations are barred. Because I find that Kammer has met the pleading standard for alleging a willful violation under the FLSA, the motion for judgment on the pleadings will be denied.

## Background

Kammer filed this case on March 4, 2021, seeking unpaid overtime wages, liquidated damages, and attorneys' fees and costs under the FLSA. [Compl., DE 1, at 1.]

Kammer was employed by CET as a Labor Shop Foreman at Arcelor's Burns Harbor, Indiana facility from about February 2017 through May 1, 2020. [*Id.* at 2.] He claims during the previous three years, there were multiple workweeks where he worked more than 40 hours, but wasn't paid the required overtime. [*Id.* at 2-4.]

Kammer alleges that CET "was aware of the overtime requirements of the FLSA" but that he and other employees did not receive payment for overtime (at one-and-one half times their regular rates of pay), as due. [*Id.* at 4-5.] The complaint alleges that "Defendant knew, or should have known, that Plaintiff and the FLSA collective routinely worked unpaid overtime hours." [*Id.* at 5.] The complaint further alleges that "Defendant's conduct was willful and in bad faith." [*Id.* at 6.] One of CET's affirmative defenses is that Plaintiff's claims "are barred by the statute of limitations." [Answ., DE 14, at 12.]

**Discussion**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is reviewed under the same standard as a motion to dismiss under 12(b) . . . ." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997); *see also R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003). Where a party moves for judgment on the pleadings, "the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position." *Housing Auth. Risk Retention Group, Inc. v. Chicago Housing Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (quotation omitted).

2

In ruling on a motion for judgment on the pleadings, the court must accept as true "all well-pleaded allegations" and view them in the light most favorable to the nonmoving party, as well as accept as true all reasonable inferences to be drawn from the allegations. *R.J. Corman*, 335 F.3d at 647; *see also Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

The FLSA provides that the cause of action may be commenced within two years after the cause of action accrued, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). An employer acts willfully where it "knows or shows reckless disregard for whether [its] actions are unlawful under the FLSA." *Bankston v. State of Illinois*, 60 F.3d 1249, 1253 (7th Cir. 1995).

CET contends that "[a] general allegation of willfulness is insufficient for a plaintiff to secure the benefit of the three-year exception to the FLSA's general two-year statute of limitations at the pleading stage." [DE 25 at 3.] In support, it largely relies on case law from outside this circuit. *See, e.g., Whiteside v. Hover-Davis, Inc.*, 955 F.3d 315, 320 (2d Cir. Apr. 27, 2021) (holding, in a matter of first impression, that the "plaintiff must allege facts at the pleading stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply."). There is one case cited by CET, *Lashbrook v. Indiana Department of Correction*, No. 2:15-cv-00206-JMS-WGH, 2015 WL 6550652, at *4 (S.D. Ind. Oct. 28, 2015), in which the Southern District of Indiana dismissed claims beyond two years, but it did so because the pro se

3

plaintiff failed to allege at all that the defendant willfully violated the FLSA. In this case, Kammer *does* allege CET's conduct was willful and in bad faith. [DE 1 at 4-6.]

The Seventh Circuit hasn't directly addressed the standard pleading for willfulness under the FLSA. However, in the past, it has repeatedly held that "[a] plaintiff is not required to plead elements in his or her complaint that overcome affirmative defenses, such as statute-of-limitations defenses." *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018) (citing *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012)). Along these lines, district courts in this circuit have held that specific facts do not need to be alleged to plead willfulness for the three-year statute of limitations under the FLSA to apply. *See, e.g., Guon v. John Q. Cook, M.D. LLC*, No. 16 C 3840, 2016 WL 6524948, at *3 (N.D. Ill. Nov. 3, 2016) ("Whether [plaintiff] sufficiently pleaded willfulness to take advantage of the three-year statute of limitations is an affirmative defense that need not be anticipated in the pleadings."); *Diaz v. E&K Cleaners, Inc.*, No. 16-cv-07952, 2018 WL 439120, at *4 (N.D. Ill. Jan. 16, 2018) ("[C]ourts in this district have determined that bare allegations of willfulness are sufficient to stave off statute of limitations challenges at the pleadings stage."); *Martinez v. Regency Janitorial Servs. Inc.*, 2011 WL 4374458, at *5 (E.D. Wis. Sept. 19, 2011) ("The complaint clearly alleges that the violations that occurred in this case were willful . . . and therefore are not time barred. But even if certain of the allegations were time barred, this could not merit the dismissal of the complaint. Timeliness is an affirmative defense that a plaintiff is under no obligation to anticipate and negate in a complaint.").

4

While Kammer's allegations relating to willfulness are somewhat conclusory, they are sufficient at this stage in the proceedings. Discovery will be needed to determine whether CET violated the FLSA, and if so whether it did so willfully. The question is therefore better left for decision at the summary judgment phase of the case, or at trial.

**Conclusion**

For the reasons set forth above, Defendant CET's Motion for Judgment on the Pleadings [DE 24] is DENIED.

ENTERED: June 25, 2021.

                                         /s/   Philip P. Simon
                                         PHILIP P. SIMON, JUDGE
                                         UNITED STATES DISTRICT COURT