UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

EUGENE KAMMER, individually )
and on behalf of similarly situated )
persons, )
 )
      Plaintiff, )
 )
 ) No. 2:21-cv-83-PPS-JPK
 )
CET INCORPORATED, )
 )
      Defendant. )

## OPINION AND ORDER

This is a collective action under the Fair Labor Standards Act brought by Eugene Kammer, who was employed by CET as a Labor Shop Foreman at Arcelor's Burns Harbor, Indiana Facility, seeking overtime compensation. Presently before me is the joint Stipulation and Motion for Step-One Notice Pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act. [DE 31.] To preserve judicial resources, as well as the resources of the parties, they have agreed to stipulate to conditional certification only for the purpose of sending notice of the lawsuit to putative members of the FLSA collective action. For the reasons enumerated below, I will grant the motion and conditionally certify this case under the FLSA. Additionally, I approve of the submitted notice. [DE 31-1.]

### Background

This action is brought on behalf of current and former individuals employed by Defendant CET, who allegedly were not paid overtime as required by the FLSA for

work they performed for Defendant. (Collectively, the "Straight Time Workers.") CET is a consulting engineering firm that provides services to its clients, including assigning workers to work for third-party client companies. The named plaintiff, Eugene Kammer, alleges that he and other similarly situated workers were paid the same hourly rate for all hours worked, including those in excess of 40 hours in an individual workweek.

The one-count complaint states a claim under the FLSA and requests that the case proceed as a collective action under 29 U.S.C. § 216(b) on behalf of all other similarly situated hourly employees paid straight time for overtime, who worked for CET during the past three years. [DE 1 at 6-7.]

**Discussion**

Under 29 U.S.C. § 216(b), an employee may bring an action to recover unpaid overtime compensation on "behalf of himself . . . and other employees similarly situated." This is known as a "collective action." *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) (quoting 29 U.S.C. § 216(b)). No employee may be a party plaintiff to a collective action "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Collective actions under the FLSA are fundamentally different than class actions under Federal Rule of Civil Procedure 23. Plaintiffs in a collective action must "opt-in" to the action to be bound by a judgment while plaintiffs in a Rule 23 class action must

"opt-out." *See King v. General Elec. Co.*, 960 F.2d 617, 621 (7th Cir. 1992); *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982). Because of the "opt-in" requirement, a representative plaintiff in a collective action has to be able to inform other individuals who may have similar claims that they may join his lawsuit. *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006).

Section 216(b) does not explicitly provide for court-ordered notice. Nonetheless, the Supreme Court has held that, in appropriate cases, district courts have the discretion to implement § 216(b) by facilitating notice to potential plaintiffs. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Such court-authorized notice serves the broad, remedial purpose of the FLSA and comports with the court's interest in managing its docket. *Id.* at 172-74.

District courts within the Seventh Circuit have commonly applied a two-step approach to determine whether an FLSA claim should proceed as a collective action. *See, e.g., Cramer v. Bank of Am., N.A.*, No. 12 C 8681, 2013 WL 6507866, at *1 (N.D. Ill. Dec. 12, 2013); *In re FedEx Ground Package Sys., Inc., Employment Practices Litig.*, 662 F. Supp. 2d 1069, 1081 (N.D. Ind. July 27, 2009); *Veerkamp v. U.S. Sec. Assocs., Inc.*, No. 1:04-CV-0049 DFH-TAB, 2005 WL 775931, at *2 (S.D. Ind. Mar. 15, 2005). First, the plaintiffs have to demonstrate, based upon "pleadings, affidavits, and declarations" that they are "similarly situated" to "employees they seek to notify." *Hart v. Crab Addison, Inc.*, No. 13-CV-6458 CJS, 2015 WL 365785, at *2 (W.D.N.Y. Jan. 27, 2015). If Plaintiffs make this relatively modest showing, then notice and an opportunity to "opt-in" can be sent to

those employees who are similarly situated to the named plaintiff. *See Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003). The lenient standard applicable to the first stage "typically results in conditional certification" of a collective action. *Ruffolo v. LaSalle Group, Inc.*, No. 18 C 3305, 2019 WL 978659, at *2 (N.D. Ill. Feb. 28, 2019) (quotation omitted). The action then proceeds through discovery as a representative or collective action.

The second stage occurs only after the opt-in process is complete and the parties have taken discovery. *Cramer*, 2013 WL 6507866, at *2. The defendant may then ask the Court to "reevaluate the conditional certification to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 848 (N.D. Ill. 2008) (quotation omitted). At this second step, courts apply a more stringent test and consider whether any affirmative defenses have to be applied to individual plaintiffs, as well as fairness or procedural concerns. *Id.*

In this case, Defendant consents to an order conditionally certifying the case as a collective action under the FLSA as follows: "all individuals who were employed by CET Incorporated during the last three years, including those assigned by CET to work for third-party clients of CET at the client's worksite, who were paid their straight time hourly rate of pay for all hours worked, including those hours worked in excess of 40 in a single workweek." [DE 31 at 2.] Defendant has also consented to the Notice and Consent to Join forms, attached as Exhibit A [DE 31-1]. These will be sent to the

4

putative collective members, which are the individuals CET employed at any time during the period three years prior to this Court order and the present, who were paid their straight time hourly rate of pay for all hours worked. [DE 31 at 2.] I am cognizant that notwithstanding this stipulation to conditional certification, the parties acknowledge that nothing in the stipulation prejudices CET's right to later argue that Plaintiff and any opt-in plaintiffs are not similarly situated within the meaning of 29 U.S.C. § 216(b), and that the conditionally certified collective should be decertified, which Defendant reserves the right to do at an appropriate time in the future. *Id.* Additionally, the parties reserve the rights to challenge or defend the propriety of collective action certification at any point during the litigation. *Id.*

**PURSUANT TO THE PARTIES' AGREEMENT, IT IS HEREBY ORDERED AS FOLLOWS:**

This matter is conditionally certified as a collective action under the FLSA, and the Stipulation and Motion for Step-One Notice Pursuant to 29 U.S.C. § 216(b) [DE 31] is GRANTED.

Exhibit A [DE 31-1] is APPROVED as the authorized Notice and Consent to Join forms to be sent to all individuals who were employed by CET Incorporated during the last three years, including those assigned by CET to work for third-party clients of CET at the client's worksite, who were paid their straight time hourly rate of pay for all hours worked, including those hours worked in excess of 40 in a single workweek.

The parties have also stipulated to the following notice process and schedule,

and it is hereby ordered:

    a.    No later than seven (7) days after the Court enters an order granting this Stipulation and Motion, Defendant will provide Plaintiff's counsel with a list, in exportable Microsoft Excel format, of the individuals Defendant employed at any time during the period three years prior to the Court's order and the present who were paid their straight time hourly rate of pay for all hours worked (the "Putative Collective Members"). The list will include the following information for each Putative Collective Member: first and last name, last known mailing address, and last known personal email address. If a personal email address is not available, Defendant will provide Plaintiff's counsel with the Putative Collective Member's last known personal phone number, instead.

    b.    Within fourteen (14) days of Defendant's production of the list described above, Plaintiff's counsel shall send the approved Notice and Consent to Join form to the Putative Collective Members via U.S. mail and email. The email will include pdf attachments of the Notice and Consent to Join form, along with a link to view and sign the Notice and Consent to Join form in DocuSign.

    c.    Also within fourteen (14) days of Defendant's production of the list described above, Plaintiff's counsel shall send the approved Notice and Consent to Join form to the Putative Collective Members for whom Defendant did not produce a personal email address via text message. The text message will contain a link to view and sign the Notice and Consent to Join form in DocuSign.

    d.    If an email containing the Notice and Consent to Join form is returned as undeliverable, Plaintiff's Counsel shall promptly notify Defendant's Counsel and Defendant's Counsel will have two (2) business days to produce that Putative Collective Member's last known personal phone number. Upon receipt of the Putative Collective Member's phone number, Plaintiff's counsel shall send the approved Notice and Consent to Join form to that Putative Collective Member via text message.

    e.    Putative Collective Members shall have sixty (60) days from the date the Notices and Consent to Join forms are mailed to return a copy of the Consent to Join form to Plaintiff's Counsel for filing (the "Opt-in Period").

    f.    For any mailed Notice and Consent to Join forms returned as undeliverable with a forwarding address. Plaintiff's counsel shall mail the

      court-approved Notice and Consent to Join forms to the forwarding address provided. For any mailed Notice and Consent to Join forms returned as undeliverable without a forwarding address, Plaintiff's counsel will conduct a search for the Putative Collective Member's most recent mailing address and, if found during the Opt-in Period, will mail the Notice and Consent to Join form to the updated address.

  g.    Plaintiff's Counsel shall file Consent to Join forms within five (5) business days of the date they are received by Plaintiff's Counsel or delivered to Plaintiff's Counsel's law office, whichever is earlier. All Consent to Join forms received electronically during the Opt-in Period or postmarked during the Opt-in Period shall be deemed timely for filing purposes. Upon request, Plaintiff's Counsel will provide Defendant's Counsel proof of postmark or email delivery. Any Consent to Join form must contain the Putative Collective Member's signature (either handwritten or electronic) to be considered sufficient for the individual to opt-in to the lawsuit.

SO ORDERED.

ENTERED: June 28, 2021.

                                              /s/   Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT