UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EUGENE KAMMER, individually and on behalf of other similarly situated employees,<br>Plaintiff,<br><br>v.<br><br>CET INCORPORATED,<br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 2:21-cv-00083<br>)<br>)<br>) |

## PLAINTIFFS' MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL

Plaintiff Eugene Kammer and Opt-In Plaintiffs Jeremiah Darling, Lee Riddle, Edward Vargas, and Richard Kirk (collectively, "Plaintiffs"), by and through undersigned counsel, hereby file Plaintiffs' Motion for Court Approval of Settlement Agreement and Dismissal. Defendant does not oppose this motion.

### I. Factual Background and Terms of the Agreement.

Plaintiff Kammer filed a Complaint against Defendant on March 4, 2021, alleging violations of the Fair Labor Standards Act ("FLSA"). ECF No. 1. Plaintiff alleged that Defendant paid certain non-exempt hourly employees straight time for all hours worked, including those in excess of 40 hours in a single workweek. *Id.* Defendant denied these allegations. ECF No. 14. Defendant subsequently made monetary tender of damages to Plaintiff and additional Opt-In Plaintiffs, assuming a two-year limitations period applied under the FLSA. *See* ECF No. 28.

The Parties disputed whether Defendant was liable for paying overtime pay and penalties for the third year of FLSA liability, which is owed when an employer's violation of the FLSA is willful. *Id.* On June 25, 2021, the Court ruled that Plaintiffs had met the pleading standard to allege a willful violation under the FLSA. ECF No. 34. The Parties pursued written discovery and deposition practice on the willfulness issue, and they were preparing to brief the issue on

summary judgment motions when the case successfully resolved.

To avoid the further expense and uncertainty of litigation, Plaintiffs and the Defendant negotiated and executed a set settlement agreement ("the Agreements"). Under the Agreements, the Opt-In Plaintiffs will receive 76% of the wages they are owed for the third year under the limitations period that is in dispute,[1] and Opt-In Plaintiff Richard Kirk will recover 100% of the liquidated damages he is owed for the first two years of the limitations period (the other Plaintiffs already recovered these damages). Group Exhibit A, Settlement Agreements; Ex. B, Werman Decl., ¶ 15-16. The settlement amount, combined with the earlier tender to Plaintiffs for the first and second years of the FLSA limitations period, will result in Plaintiffs recovering nearly 80% of the maximum value of their overtime claim, inclusive of liquidated damages. Ex. B, Werman Decl., ¶ 17. The settlement agreements also separately allow for a payment of Plaintiffs' attorneys' fees and costs, in an amount that is significant reduction of the lodestar accrued thus far in this matter. Ex. B, Werman Decl., ¶ 19. As the Agreements provide Plaintiffs with fair and reasonable compensation for their claims, claims Defendant disputes, Plaintiffs respectfully request this Court grant the motion, approve the settlement, and dismiss the matter.

**II.     The Proposed Settlement Reflects a Reasonable Compromise of the Parties' Claims and Defenses.**

"A district court should approve an FLSA collective action settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a bona fide dispute between the parties." *Knox v. Jones Grp.*, 2017 WL 3834929, at *1 (S.D. Ind. 2017); *see also Roberts v. Apple Sauce, Inc.*, No. 3:12-CV-830-TLS, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014) ("To determine the fairness of a settlement under the FLSA, the court must consider whether the

---

[1] Earlier in the litigation, Defendant tendered to Plaintiffs (except Richard Kirk) 100% of their owed overtime pay for the first two years of the applicable FLSA limitations period. Ex. B, Werman Decl., ¶ 13.

2

agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching"). Courts will normally approve a settlement where "it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Beckwith v. Planet Forward, LLC*, No. 3:18-CV-801 JD, 2019 WL 588178, at *1 (N.D. Ind. Feb. 13, 2019). This Court should readily conclude that the Settlement Agreements here resulted from contested litigation are a fair and reasonable resolution of a bona fide dispute.

First, the Court can readily conclude the Agreements are product of contested litigation. Plaintiffs were represented by counsel, there was contested briefing on the sufficiency of the pleadings, the Parties exchanged written discovery, and Defendant's corporate representative sat for a deposition

The contested litigation was over a *bona fide* dispute as well. Plaintiffs alleged Defendant's violation of the FLSA was willful, and they were prepared to prove this allegation in court using deposition testimony and documents exchanged in discovery. Defendants consistently denied this allegation. The Parties would likely dispute both the applicable legal standard on the willfulness issue and the import of the facts uncovered in discovery. If Plaintiffs' allegations were proven correct, then Defendants would be faced with the prospect of a monetary verdict in favor of Plaintiffs, the obligation to pay the litigation fees and costs of Plaintiffs' Counsel, and their own litigation fees. If Defendant's arguments were correct, then Plaintiffs faced a potential dismissal of the claims and no recovery of any kind.

Lastly, the Agreements are fair and reasonable. The Parties engaged in arms-length negotiations, and engaged in extensive analysis of damages, pertinent documentation and the facts

3

and applicable law. Plaintiffs will receive an amount equal to 76% of the alleged damages at issue under the third year of the limitations period, as well as attorneys' fees. Ex. B, Werman Decl., ¶ 15. Importantly, the amount of attorneys' fees is reasonable as well. *See Bligh v. Constr. Res. of Ind., Inc.*, 2016 WL 5724893, at *3 (N.D. Ill. 2016) (Collins, J.) (courts consider whether the amount of attorneys' fees is reasonable). Here, Plaintiffs' counsel will receive an amount that amounts to a 66% reduction from the total value of the attorney time spent litigating this matter. Ex. B, Werman Decl., ¶ 19.

### III.     Conclusion.

The Agreement represents a fair and reasonable settlement of a *bona fide* dispute under the FLSA and is the result of contested litigation. The allegations were disputed throughout the lawsuit, and the settlement represents a compromise position negotiated at arms' length after significant analysis of the applicable facts and law. Plaintiffs respectfully request this Court approve the Agreements, and enter an order dismissing this case without prejudice, with leave to reinstate on or before seven (7) days after the date by which Defendant shall make the payments agreed to in the Settlement Agreements. In the event a motion to reinstate is not filed on or before seven (7) days after the date by which Defendant shall make the payments agreed to in the Settlement Agreements, the case shall be deemed dismissed with prejudice, without further order or action of the Court. A proposed Order is attached as Exhibit C.

Dated: February 18, 2022                                Respectfully submitted,

/s/Douglas M. Werman
Douglas M. Werman
Sarah J. Arendt – *pro hac vice*
Michael M. Tresnowski – *pro hac vice*
**Werman Salas P.C.**

4

77 W. Washington St., Suite 1402
Chicago, IL 60602
312-419-1008

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was electronically filed and served on all parties of record via the Court's CM/ECF filing system on February 18, 2022.

/s/Douglas M. Werman
*Douglas M. Werman*