# GROUP
# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between EDWARD VARGAS ("Employee") and CET INCORPORATED, on behalf of itself and its parents, subsidiaries, affiliates, partners, related entities, predecessors, successors, assigns, trustees, and all of its past and present owners, officers, directors, managers and agents (collectively "Employer"). Employee and Employer are sometimes collectively referred to herein as the "Parties" and individually as a "Party". The Parties enter into this Agreement and agree as follows:

Employee is a Plaintiff in the lawsuit pending against CET Incorporated in the Northern District of Indiana, Case No. 2-21-cv-00083, alleging violations of the Fair Labor Standards Act (the "Lawsuit"). Employee and Employer now desire to avoid further litigation and, by this Agreement, and without admission of any liability, fact, claim or defense, intend to resolve all matters raised in the Lawsuit. Therefore, in consideration of the mutual promises set out below, the Parties specifically agree as follows:

1.    **Consideration**

A.    Within seven (7) days after the Parties sign this Agreement, Plaintiffs shall file a Motion for Approval of an FLSA Settlement. Defendant will not oppose the Motion. The Motion for Approval shall request the Court dismiss Employee's claims without prejudice, with leave to reinstate on or before seven (7) days after the date by which Employer shall make the payments described in Section 1(B). The Motion for Approval shall also reflect the Parties' agreement that in the event a motion to reinstate is not filed on or before seven (7) days after the date by which Employer shall make the payments described in Section 1(B), the case shall be deemed dismissed with prejudice, without further order or action of the Court.

B.    Within the (10) calendar days from the issuance of an order by the District Court approving this settlement and the terms of this agreement, in consideration for the promises in this Agreement, Employer shall pay Employee the gross sum of One Thousand One Hundred Ninety Dollars and Fifteen Cents ($1,190.15) ("Settlement Payment"). The payment will be made by mailing the payment to Werman Salas P.C., 77 W. Washington St., Suite 1402, Chicago, IL 60602 as set forth below:

(i)    **Payment to Edward Vargas:** A total payment of Five Hundred Ninety-Six Dollars and Eighty-Two Cents ($596.82) allocated as follows: one check made payable to Edward Vargas for Two Hundred Ninety-Eight Dollars and Forty-One Cents ($298.41) less applicable payroll tax withholdings, for wages, and a second check made payable Edward Vargas for Two Hundred Ninety-Eight Dollars and Forty-One Cents ($298.41) for liquidated damages.

(ii)    **Payment to Werman Salas P.C.:** A lump-sum check payable to Werman Salas P.C. in the gross amount of Five Hundred Ninety-Three Dollars and Thirty-Three Cents ($593.33).

1

C.      The amount paid to Werman Salas P.C., (EIN #20-3042887), is for Employee's attorneys' fees and costs.  An IRS form 1099 will be issued to Werman Salas P.C. by Employer for the attorneys' fees paid under this Agreement.  Employer shall issue Employee an IRS form W2 for the payment he receives as wages and an IRS form 1099 for the payment he receives as liquidated damages.

D.      Employee acknowledges and agrees that Employee is solely and entirely responsible for the payment and discharge of any additional federal, state, and local taxes, if any, that may, at any time, be found to be due upon or as a result of the Settlement Payment paid by Employer hereunder.

E.      In the event Employer fails to timely pay the consideration identified in subpart B, above, Employee may elect to sue to enforce this Agreement and/or file a motion to reinstate the suit.


2.      **Waiver of Costs and Attorneys' Fees**

In consideration of the promises made by Employer and Employee in this Agreement, Employer and Employee agree to waive any claim they may have to an award of costs and attorneys' fees, other than as set forth in this Agreement. However, in the event of a breach of this Agreement, the prevailing party in an enforcement action shall be entitled to recover their attorney's fees and costs incurred in connection with litigation required to enforce this Agreement from the breaching Party.


3.      **No Admission of Liability/Wrongdoing**

Employee and Employer acknowledge and agree that this Settlement Agreement is a compromise and settlement of each Party's disputed claims and/or defenses and that neither the execution nor the terms hereof may be construed as an admission of liability or wrongdoing on the part of any Party with respect to the disputed matters.  Nothing contained in this Agreement may be used by, for, or against either Party and shall not be admissible in any other proceedings, actions, or lawsuits.  Employee further acknowledges that Employer has denied and continues to deny that it engaged in any willful violation of the Fair Labor Standards Act with respect to Employee and that the sole purpose of this Agreement is to avoid the expense, burden and uncertainty of continuing the Lawsuit.


4.      **Court Approval of Agreement**

Plaintiffs shall request that the Court review and approve this Agreement. This Agreement is contingent upon the Court approving it.  If the Court declines to approve this Agreement, this Agreement is null and void, and the Employer will have no obligation to make the Settlement Payment set forth in Paragraph 1.B and the Parties shall return to their respective statuses as of the date and time an agreement to settle this matter was reached and the Parties shall proceed in all respects as if this Agreement had not been entered into.  Neither this

DocuSign Envelope ID: A9E29975-D6B2-4DCE-916B-660A91E8B654

Agreement, its terms nor the fact that Parties had reached an agreement shall be referenced or used against either Party in this or any future litigation.

**5.      Dismissal of the Lawsuit**

     If the Court does not, on its own, dismiss the Lawsuit with prejudice following its approval of this Agreement, upon court approval and full payment of the Settlement Payment identified in this Agreement, Employee's attorneys will execute and file, along with counsel for Employer, a stipulation to dismiss the Lawsuit with prejudice.

**6.      Release**

     By signing this Agreement, Employee agrees to waive and release any and all claims for unpaid wages, unpaid compensation, or wage-related or compensation-related damages or penalties of any kind (including but not limited to liquidated damages or attorneys' fees and costs) Employee may have against Employer.

**7.      Full Knowledge, Consent, and Voluntary Signing**

     Employee also agrees that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; he has not been coerced, threatened, or intimidated into signing this Agreement; and he has been advised to consult with an attorney, and in fact has consulted with an attorney who has fully explained the meaning of each provision of this Agreement.

**8.      Entire Agreement**

     Employee and Employer agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Indiana. Employee and Employer further agree that this Agreement sets forth the entire agreement between the Parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement.  No other promises or agreements shall be binding unless made in writing and signed by Employee and Employer.

**9.      Severability**

     To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Employee and Employer agree that the remaining portions shall not be affected and shall be given full force and effect.

**10.      Binding Nature**

     The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of Employer (including but not limited to any corporate successor of Employer) and Employee's heirs, administrators, executors and personal representatives.

3

DocuSign Envelope ID: A9E29975-D6B2-4DCE-916B-660A91E8B654

11.    **Amendment**

This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

12.    **Counterparts**

This Agreement may be executed in counterparts, each of which shall be taken to be one and the same document, with the same effect as if all Parties hereto had signed the same signature page.  Signatures obtained through Docusign or transmitted by fax or .pdf shall have the same effect as an original ink signature.

EDWARD VARGAS

CET INCORPORATED

Date: February 9, 2022

By: Natalie Bellai-Bakes

Date: 2/14/2022

4

DocuSign Envelope ID: 3334BE3A-A651-4803-A014-C64453751CB3

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between EUGENE KAMMER ("Employee") and CET INCORPORATED, on behalf of itself and its parents, subsidiaries, affiliates, partners, related entities, predecessors, successors, assigns, trustees, and all of its past and present owners, officers, directors, managers and agents (collectively "Employer"). Employee and Employer are sometimes collectively referred to herein as the "Parties" and individually as a "Party". The Parties enter into this Agreement and agree as follows:

Employee is a Plaintiff in the lawsuit pending against CET Incorporated in the Northern District of Indiana, Case No. 2-21-cv-00083, alleging violations of the Fair Labor Standards Act (the "Lawsuit"). Employee and Employer now desire to avoid further litigation and, by this Agreement, and without admission of any liability, fact, claim or defense, intend to resolve all matters raised in the Lawsuit. Therefore, in consideration of the mutual promises set out below, the Parties specifically agree as follows:

## 1. __Consideration__

A.     Within seven (7) days after the Parties sign this Agreement, Plaintiffs shall file a Motion for Approval of an FLSA Settlement. Defendant will not oppose the Motion. The Motion for Approval shall request the Court dismiss Employee's claims without prejudice, with leave to reinstate on or before seven (7) days after the date by which Employer shall make the payments described in Section 1(B). The Motion for Approval shall also reflect the Parties' agreement that in the event a motion to reinstate is not filed on or before seven (7) days after the date by which Employer shall make the payments described in Section 1(B), the case shall be deemed dismissed with prejudice, without further order or action of the Court.

B.     Within the (10) calendar days from the issuance of an order by the District Court approving this settlement and the terms of this agreement, in consideration for the promises in this Agreement, Employer shall pay Employee the gross sum of Fifteen Thousand Three Hundred Ninety-Nine Dollars and Ten Cents ($15,399.10) ("Settlement Payment"). The payment will be made by mailing the payment to Werman Salas P.C., 77 W. Washington St., Suite 1402, Chicago, IL 60602 as set forth below:

(i)     **Payment to Eugene Kammer:** A total payment of Seven Thousand Seven Hundred Twenty-Two Dollars and Eighteen Cents ($7,722.18) allocated as follows: one check made payable to Eugene Kammer for Three Thousand Eight Hundred Sixty-One Dollars and Nine Cents ($3,861.09) less applicable payroll tax withholdings, for wages, and a second check made payable Eugene Kammer for Three Thousand Eight Hundred Sixty-One Dollars and Nine Cents ($3,861.09) for liquidated damages.

(ii)    **Payment to Werman Salas P.C.:** A lump-sum check payable to Werman Salas P.C. in the gross amount of Seven Thousand Six Hundred Seventy-Six Dollars and Ninety-Two Cents ($7,676.92).

1

DocuSign Envelope ID: 3334BE3A-A651-4803-A014-C64453751CB3

C.     The amount paid to Werman Salas P.C., (EIN #20-3042887), is for Employee's attorneys' fees and costs.  An IRS form 1099 will be issued to Werman Salas P.C. by Employer for the attorneys' fees paid under this Agreement.  Employer shall issue Employee an IRS form W2 for the payment he receives as wages and an IRS form 1099 for the payment he receives as liquidated damages.

D.     Employee acknowledges and agrees that Employee is solely and entirely responsible for the payment and discharge of any additional federal, state, and local taxes, if any, that may, at any time, be found to be due upon or as a result of the Settlement Payment paid by Employer hereunder.

E.     In the event Employer fails to timely pay the consideration identified in subpart B, above, Employee may elect to sue to enforce this Agreement and/or file a motion to reinstate the suit.

## 2.     Waiver of Costs and Attorneys' Fees

In consideration of the promises made by Employer and Employee in this Agreement, Employer and Employee agree to waive any claim they may have to an award of costs and attorneys' fees, other than as set forth in this Agreement. However, in the event of a breach of this Agreement, the prevailing party in an enforcement action shall be entitled to recover their attorney's fees and costs incurred in connection with litigation required to enforce this Agreement from the breaching Party.

## 3.     No Admission of Liability/Wrongdoing

Employee and Employer acknowledge and agree that this Settlement Agreement is a compromise and settlement of each Party's disputed claims and/or defenses and that neither the execution nor the terms hereof may be construed as an admission of liability or wrongdoing on the part of any Party with respect to the disputed matters.  Nothing contained in this Agreement may be used by, for, or against either Party and shall not be admissible in any other proceedings, actions, or lawsuits.  Employee further acknowledges that Employer has denied and continues to deny that it engaged in any willful violation of the Fair Labor Standards Act with respect to Employee and that the sole purpose of this Agreement is to avoid the expense, burden and uncertainty of continuing the Lawsuit.

## 4.     Court Approval of Agreement

Plaintiffs shall request that the Court review and approve this Agreement. This Agreement is contingent upon the Court approving it.  If the Court declines to approve this Agreement, this Agreement is null and void, and the Employer will have no obligation to make the Settlement Payment set forth in Paragraph 1.B and the Parties shall return to their respective statuses as of the date and time an agreement to settle this matter was reached and the Parties shall proceed in all respects as if this Agreement had not been entered into.  Neither this

DocuSign Envelope ID: 3334BE3A-A651-4803-A014-C64453751CB3

Agreement, its terms nor the fact that Parties had reached an agreement shall be referenced or used against either Party in this or any future litigation.

**5.     Dismissal of the Lawsuit**

If the Court does not, on its own, dismiss the Lawsuit with prejudice following its approval of this Agreement, upon court approval and full payment of the Settlement Payment identified in this Agreement, Employee's attorneys will execute and file, along with counsel for Employer, a stipulation to dismiss the Lawsuit with prejudice.

**6.     Release**

By signing this Agreement, Employee agrees to waive and release any and all claims for unpaid wages, unpaid compensation, or wage-related or compensation-related damages or penalties of any kind (including but not limited to liquidated damages or attorneys' fees and costs) Employee may have against Employer.

**7.     Full Knowledge, Consent, and Voluntary Signing**

Employee also agrees that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; he has not been coerced, threatened, or intimidated into signing this Agreement; and he has been advised to consult with an attorney, and in fact has consulted with an attorney who has fully explained the meaning of each provision of this Agreement.

**8.     Entire Agreement**

Employee and Employer agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Indiana. Employee and Employer further agree that this Agreement sets forth the entire agreement between the Parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement.  No other promises or agreements shall be binding unless made in writing and signed by Employee and Employer.

**9.     Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Employee and Employer agree that the remaining portions shall not be affected and shall be given full force and effect.

**10.     Binding Nature**

The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of Employer (including but not limited to any corporate successor of Employer) and Employee's heirs, administrators, executors and personal representatives.

DocuSign Envelope ID: 3334BE3A-A651-4803-A014-C64453751CB3

11.    **Amendment**

This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

12.    **Counterparts**

This Agreement may be executed in counterparts, each of which shall be taken to be one and the same document, with the same effect as if all Parties hereto had signed the same signature page.  Signatures obtained through Docusign or transmitted by fax or .pdf shall have the same effect as an original ink signature.

EUGENE KAMMER                             CET INCORPORATED

_____          By: _____

Date: February 7, 2022                    Date: 2/14/2022

4

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between JEREMIAH DARLING ("Employee") and CET INCORPORATED, on behalf of itself and its parents, subsidiaries, affiliates, partners, related entities, predecessors, successors, assigns, trustees, and all of its past and present owners, officers, directors, managers and agents (collectively "Employer"). Employee and Employer are sometimes collectively referred to herein as the "Parties" and individually as a "Party". The Parties enter into this Agreement and agree as follows:

Employee is a Plaintiff in the lawsuit pending against CET Incorporated in the Northern District of Indiana, Case No. 2-21-cv-00083, alleging violations of the Fair Labor Standards Act (the "Lawsuit"). Employee and Employer now desire to avoid further litigation and, by this Agreement, and without admission of any liability, fact, claim or defense, intend to resolve all matters raised in the Lawsuit. Therefore, in consideration of the mutual promises set out below, the Parties specifically agree as follows:

1.   **Consideration**

A.    Within seven (7) days after the Parties sign this Agreement, Plaintiffs shall file a Motion for Approval of an FLSA Settlement. Defendant will not oppose the Motion. The Motion for Approval shall request the Court dismiss Employee's claims without prejudice, with leave to reinstate on or before seven (7) days after the date by which Employer shall make the payments described in Section 1(B). The Motion for Approval shall also reflect the Parties' agreement that in the event a motion to reinstate is not filed on or before seven (7) days after the date by which Employer shall make the payments described in Section 1(B), the case shall be deemed dismissed with prejudice, without further order or action of the Court.

B.    Within the (10) calendar days from the issuance of an order by the District Court approving this settlement and the terms of this agreement, in consideration for the promises in this Agreement, Employer shall pay Employee the gross sum of Ten Thousand Nine Hundred Fifty-Nine Dollars and Ninety Cents ($10,959.90) ("Settlement Payment"). The payment will be made by mailing the payment to Werman Salas P.C., 77 W. Washington St., Suite 1402, Chicago, IL 60602 as set forth below:

(i)    **Payment to Jeremiah Darling:** A total payment of Five Thousand Four Hundred Ninety-Six Dollars and Five Cents ($5,496.05) allocated as follows: one check made payable to Jeremiah Darling for Two Thousand Seven Hundred Forty-Eight Dollars and Three Cents ($2,748.03) less applicable payroll tax withholdings, for wages, and a second check made payable Jeremiah Darling for Two Thousand Seven Hundred Forty-Eight Dollars and Two Cents ($2,748.02) for liquidated damages.

(ii)   **Payment to Werman Salas P.C.:** A lump-sum check payable to Werman Salas P.C. in the gross amount of Five Thousand Four Hundred Sixty-Three Dollars and Eighty-Five Cents ($5,463.85).

1

DocuSign Envelope ID: 12273122-F43F-4E7D-B555-D52E80D78166

C.      The amount paid to Werman Salas P.C., (EIN #20-3042887), is for Employee's attorneys' fees and costs.  An IRS form 1099 will be issued to Werman Salas P.C. by Employer for the attorneys' fees paid under this Agreement.  Employer shall issue Employee an IRS form W2 for the payment he receives as wages and an IRS form 1099 for the payment he receives as liquidated damages.

D.      Employee acknowledges and agrees that Employee is solely and entirely responsible for the payment and discharge of any additional federal, state, and local taxes, if any, that may, at any time, be found to be due upon or as a result of the Settlement Payment paid by Employer hereunder.

E.      In the event Employer fails to timely pay the consideration identified in subpart B, above, Employee may elect to sue to enforce this Agreement and/or file a motion to reinstate the suit.

## 2.      <u>Waiver of Costs and Attorneys' Fees</u>

In consideration of the promises made by Employer and Employee in this Agreement, Employer and Employee agree to waive any claim they may have to an award of costs and attorneys' fees, other than as set forth in this Agreement. However, in the event of a breach of this Agreement, the prevailing party in an enforcement action shall be entitled to recover their attorney's fees and costs incurred in connection with litigation required to enforce this Agreement from the breaching Party.

## 3.      <u>No Admission of Liability/Wrongdoing</u>

Employee and Employer acknowledge and agree that this Settlement Agreement is a compromise and settlement of each Party's disputed claims and/or defenses and that neither the execution nor the terms hereof may be construed as an admission of liability or wrongdoing on the part of any Party with respect to the disputed matters.  Nothing contained in this Agreement may be used by, for, or against either Party and shall not be admissible in any other proceedings, actions, or lawsuits.  Employee further acknowledges that Employer has denied and continues to deny that it engaged in any willful violation of the Fair Labor Standards Act with respect to Employee and that the sole purpose of this Agreement is to avoid the expense, burden and uncertainty of continuing the Lawsuit.

## 4.      <u>Court Approval of Agreement</u>

Plaintiffs shall request that the Court review and approve this Agreement. This Agreement is contingent upon the Court approving it.  If the Court declines to approve this Agreement, this Agreement is null and void, and the Employer will have no obligation to make the Settlement Payment set forth in Paragraph 1.B and the Parties shall return to their respective statuses as of the date and time an agreement to settle this matter was reached and the Parties shall proceed in all respects as if this Agreement had not been entered into.  Neither this

DocuSign Envelope ID: 12273122-F43F-4E7D-B555-D52E80D78166

Agreement, its terms nor the fact that Parties had reached an agreement shall be referenced or used against either Party in this or any future litigation.

### 5.   Dismissal of the Lawsuit

If the Court does not, on its own, dismiss the Lawsuit with prejudice following its approval of this Agreement, upon court approval and full payment of the Settlement Payment identified in this Agreement, Employee's attorneys will execute and file, along with counsel for Employer, a stipulation to dismiss the Lawsuit with prejudice.

### 6.   Release

By signing this Agreement, Employee agrees to waive and release any and all claims for unpaid wages, unpaid compensation, or wage-related or compensation-related damages or penalties of any kind (including but not limited to liquidated damages or attorneys' fees and costs) Employee may have against Employer.

### 7.   Full Knowledge, Consent, and Voluntary Signing

Employee also agrees that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; he has not been coerced, threatened, or intimidated into signing this Agreement; and he has been advised to consult with an attorney, and in fact has consulted with an attorney who has fully explained the meaning of each provision of this Agreement.

### 8.   Entire Agreement

Employee and Employer agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Indiana. Employee and Employer further agree that this Agreement sets forth the entire agreement between the Parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement.  No other promises or agreements shall be binding unless made in writing and signed by Employee and Employer.

### 9.   Severability

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Employee and Employer agree that the remaining portions shall not be affected and shall be given full force and effect.

### 10.   Binding Nature

The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of Employer (including but not limited to any corporate successor of Employer) and Employee's heirs, administrators, executors and personal representatives.

DocuSign Envelope ID: 12273122-F43F-4E7D-B555-D52F80D78166

11.    **Amendment**

This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

12.    **Counterparts**

This Agreement may be executed in counterparts, each of which shall be taken to be one and the same document, with the same effect as if all Parties hereto had signed the same signature page.  Signatures obtained through Docusign or transmitted by fax or .pdf shall have the same effect as an original ink signature.

JEREMIAH DARLING                          CET INCORPORATED

By: Natalie Beddal Saxes

Date: February 7, 2022                     Date: 2/14/2022

4

DocuSign Envelope ID: 4BB0C493-C39D-44B3-BFCB-4705DF6B453D

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between LEE RIDDLE ("Employee") and CET INCORPORATED, on behalf of itself and its parents, subsidiaries, affiliates, partners, related entities, predecessors, successors, assigns, trustees, and all of its past and present owners, officers, directors, managers and agents (collectively "Employer"). Employee and Employer are sometimes collectively referred to herein as the "Parties" and individually as a "Party". The Parties enter into this Agreement and agree as follows:

Employee is a Plaintiff in the lawsuit pending against CET Incorporated in the Northern District of Indiana, Case No. 2-21-cv-00083, alleging violations of the Fair Labor Standards Act (the "Lawsuit"). Employee and Employer now desire to avoid further litigation and, by this Agreement, and without admission of any liability, fact, claim or defense, intend to resolve all matters raised in the Lawsuit. Therefore, in consideration of the mutual promises set out below, the Parties specifically agree as follows:

1. **Consideration**

   A.    Within seven (7) days after the Parties sign this Agreement, Plaintiffs shall file a Motion for Approval of an FLSA Settlement. Defendant will not oppose the Motion. The Motion for Approval shall request the Court dismiss Employee's claims without prejudice, with leave to reinstate on or before seven (7) days after the date by which Employer shall make the payments described in Section 1(B). The Motion for Approval shall also reflect the Parties' agreement that in the event a motion to reinstate is not filed on or before seven (7) days after the date by which Employer shall make the payments described in Section 1(B), the case shall be deemed dismissed with prejudice, without further order or action of the Court.

   B.    Within the (10) calendar days from the issuance of an order by the District Court approving this settlement and the terms of this agreement, in consideration for the promises in this Agreement, Employer shall pay Employee the gross sum of Twenty Thousand Four Hundred Fifty-Five Dollars and Thirty-Four Cents ($20,455.34) ("Settlement Payment"). The payment will be made by mailing the payment to Werman Salas P.C., 77 W. Washington St., Suite 1402, Chicago, IL 60602 as set forth below:

   (i)    **Payment to Lee Riddle:** A total payment of Ten Thousand Two Hundred Fifty-Seven Dollars and Seventy-Three Cents ($10,257.73) allocated as follows: one check made payable to Lee Riddle for Five Thousand One Hundred Twenty-Eight Dollars and Eighty-Seven Cents ($5,128.87) less applicable payroll tax withholdings, for wages, and a second check made payable Lee Riddle for Five Thousand One Hundred Twenty-Eight Dollars and Eighty-Six Cents ($5,128.86) for liquidated damages.

   (ii)   **Payment to Werman Salas P.C.:** A lump-sum check payable to Werman Salas P.C. in the gross amount of Ten Thousand One Hundred Ninety-Seven Dollars and Sixty-One Cents ($10,197.61).

DocuSign Envelope ID: 4BB0C493-C39D-44B3-BFCB-4705DE6B453D

C.      The amount paid to Werman Salas P.C., (EIN #20-3042887), is for Employee's attorneys' fees and costs.  An IRS form 1099 will be issued to Werman Salas P.C. by Employer for the attorneys' fees paid under this Agreement.  Employer shall issue Employee an IRS form W2 for the payment he receives as wages and an IRS form 1099 for the payment he receives as liquidated damages.

D.      Employee acknowledges and agrees that Employee is solely and entirely responsible for the payment and discharge of any additional federal, state, and local taxes, if any, that may, at any time, be found to be due upon or as a result of the Settlement Payment paid by Employer hereunder.

E.      In the event Employer fails to timely pay the consideration identified in subpart B, above, Employee may elect to sue to enforce this Agreement and/or file a motion to reinstate the suit.


2.      **Waiver of Costs and Attorneys' Fees**

In consideration of the promises made by Employer and Employee in this Agreement, Employer and Employee agree to waive any claim they may have to an award of costs and attorneys' fees, other than as set forth in this Agreement. However, in the event of a breach of this Agreement, the prevailing party in an enforcement action shall be entitled to recover their attorney's fees and costs incurred in connection with litigation required to enforce this Agreement from the breaching Party.


3.      **No Admission of Liability/Wrongdoing**

Employee and Employer acknowledge and agree that this Settlement Agreement is a compromise and settlement of each Party's disputed claims and/or defenses and that neither the execution nor the terms hereof may be construed as an admission of liability or wrongdoing on the part of any Party with respect to the disputed matters.  Nothing contained in this Agreement may be used by, for, or against either Party and shall not be admissible in any other proceedings, actions, or lawsuits.  Employee further acknowledges that Employer has denied and continues to deny that it engaged in any willful violation of the Fair Labor Standards Act with respect to Employee and that the sole purpose of this Agreement is to avoid the expense, burden and uncertainty of continuing the Lawsuit.


4.      **Court Approval of Agreement**

Plaintiffs shall request that the Court review and approve this Agreement. This Agreement is contingent upon the Court approving it.  If the Court declines to approve this Agreement, this Agreement is null and void, and the Employer will have no obligation to make the Settlement Payment set forth in Paragraph 1.B and the Parties shall return to their respective statuses as of the date and time an agreement to settle this matter was reached and the Parties shall proceed in all respects as if this Agreement had not been entered into.  Neither this

2

DocuSign Envelope ID: 4BR0C493-C39D-44B3-BFCB-4705DF6B452D

Agreement, its terms nor the fact that Parties had reached an agreement shall be referenced or used against either Party in this or any future litigation.

**5.    Dismissal of the Lawsuit**

If the Court does not, on its own, dismiss the Lawsuit with prejudice following its approval of this Agreement, upon court approval and full payment of the Settlement Payment identified in this Agreement, Employee's attorneys will execute and file, along with counsel for Employer, a stipulation to dismiss the Lawsuit with prejudice.

**6.    Release**

By signing this Agreement, Employee agrees to waive and release any and all claims for unpaid wages, unpaid compensation, or wage-related or compensation-related damages or penalties of any kind (including but not limited to liquidated damages or attorneys' fees and costs) Employee may have against Employer.

**7.    Full Knowledge, Consent, and Voluntary Signing**

Employee also agrees that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; he has not been coerced, threatened, or intimidated into signing this Agreement; and he has been advised to consult with an attorney, and in fact has consulted with an attorney who has fully explained the meaning of each provision of this Agreement.

**8.    Entire Agreement**

Employee and Employer agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Indiana. Employee and Employer further agree that this Agreement sets forth the entire agreement between the Parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement.  No other promises or agreements shall be binding unless made in writing and signed by Employee and Employer.

**9.    Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Employee and Employer agree that the remaining portions shall not be affected and shall be given full force and effect.

**10.    Binding Nature**

The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of Employer (including but not limited to any corporate successor of Employer) and Employee's heirs, administrators, executors and personal representatives.

DocuSign Envelope ID: 4BB0C493-C39D-44B3-BFCB-4705DF6B453D

11.    **Amendment**

This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

12.    **Counterparts**

This Agreement may be executed in counterparts, each of which shall be taken to be one and the same document, with the same effect as if all Parties hereto had signed the same signature page.  Signatures obtained through Docusign or transmitted by fax or .pdf shall have the same effect as an original ink signature.

LEE RIDDLE

Date: February 7, 2022

CET INCORPORATED

By: Natalie Bellen-Bakes

Date: 2/14/2022

4

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between RICHARD KIRK ("Employee") and CET INCORPORATED, on behalf of itself and its parents, subsidiaries, affiliates, partners, related entities, predecessors, successors, assigns, trustees, and all of its past and present owners, officers, directors, managers and agents (collectively "Employer"). Employee and Employer are sometimes collectively referred to herein as the "Parties" and individually as a "Party". The Parties enter into this Agreement and agree as follows:

Employee is a Plaintiff in the lawsuit pending against CET Incorporated in the Northern District of Indiana, Case No. 2-21-cv-00083, alleging violations of the Fair Labor Standards Act (the "Lawsuit"). Employee and Employer now desire to avoid further litigation and, by this Agreement, and without admission of any liability, fact, claim or defense, intend to resolve all matters raised in the Lawsuit. Therefore, in consideration of the mutual promises set out below, the Parties specifically agree as follows:

1. **Consideration**

   A.     Within seven (7) days after the Parties sign this Agreement, Plaintiffs shall file a Motion for Approval of an FLSA Settlement. Defendant will not oppose the Motion. The Motion for Approval shall request the Court dismiss Employee's claims without prejudice, with leave to reinstate on or before seven (7) days after the date by which Employer shall make the payments described in Section 1(B). The Motion for Approval shall also reflect the Parties' agreement that in the event a motion to reinstate is not filed on or before seven (7) days after the date by which Employer shall make the payments described in Section 1(B), the case shall be deemed dismissed with prejudice, without further order or action of the Court.

   B.     Within the (10) calendar days from the issuance of an order by the District Court approving this settlement and the terms of this agreement, in consideration for the promises in this Agreement, Employer shall pay Employee the gross sum of Twenty-Six Thousand Nine Hundred Ninety-Five Dollars and Fifty-One Cents ($26,995.51) ("Settlement Payment"). The payment will be made by mailing the payment to Werman Salas P.C., 77 W. Washington St., Suite 1402, Chicago, IL 60602 as set forth below:

   (i)     **Payment to Richard Kirk:** A total payment of Thirteen Thousand Five Hundred Thirty-Seven Dollars and Forty-Two Cents ($13,537.42) allocated as follows: one check made payable to Richard Kirk for Two Thousand Seven Hundred Eighty-Six Dollars and Thirty-Six Cents ($2,786.36) less applicable payroll tax withholdings, for wages, and a second check made payable Richard Kirk for Ten Thousand Seven Hundred Fifty-One Dollars and Six Cents ($10,751.06) for liquidated damages.

   (ii)    **Payment to Werman Salas P.C.:** A lump-sum check payable to Werman Salas P.C. in the gross amount of Thirteen Thousand Four Hundred Fifty-Eight Dollars and Nine Cents ($13,458.09).

1

C.      The amount paid to Werman Salas P.C., (EIN #20-3042887), is for Employee's attorneys' fees and costs.  An IRS form 1099 will be issued to Werman Salas P.C. by Employer for the attorneys' fees paid under this Agreement.  Employer shall issue Employee an IRS form W2 for the payment he receives as wages and an IRS form 1099 for the payment he receives as liquidated damages.

D.      Employee acknowledges and agrees that Employee is solely and entirely responsible for the payment and discharge of any additional federal, state, and local taxes, if any, that may, at any time, be found to be due upon or as a result of the Settlement Payment paid by Employer hereunder.

E.      In the event Employer fails to timely pay the consideration identified in subpart B, above, Employee may elect to sue to enforce this Agreement and/or file a motion to reinstate the suit.

## 2.   Waiver of Costs and Attorneys' Fees

In consideration of the promises made by Employer and Employee in this Agreement, Employer and Employee agree to waive any claim they may have to an award of costs and attorneys' fees, other than as set forth in this Agreement. However, in the event of a breach of this Agreement, the prevailing party in an enforcement action shall be entitled to recover their attorney's fees and costs incurred in connection with litigation required to enforce this Agreement from the breaching Party.

## 3.   No Admission of Liability/Wrongdoing

Employee and Employer acknowledge and agree that this Settlement Agreement is a compromise and settlement of each Party's disputed claims and/or defenses and that neither the execution nor the terms hereof may be construed as an admission of liability or wrongdoing on the part of any Party with respect to the disputed matters.  Nothing contained in this Agreement may be used by, for, or against either Party and shall not be admissible in any other proceedings, actions, or lawsuits.  Employee further acknowledges that Employer has denied and continues to deny that it engaged in any willful violation of the Fair Labor Standards Act with respect to Employee and that the sole purpose of this Agreement is to avoid the expense, burden and uncertainty of continuing the Lawsuit.

## 4.   Court Approval of Agreement

Plaintiffs shall request that the Court review and approve this Agreement. This Agreement is contingent upon the Court approving it.  If the Court declines to approve this Agreement, this Agreement is null and void, and the Employer will have no obligation to make the Settlement Payment set forth in Paragraph 1.B and the Parties shall return to their respective statuses as of the date and time an agreement to settle this matter was reached and the Parties shall proceed in all respects as if this Agreement had not been entered into.   Neither this

DocuSign Envelope ID: 06291A46-8B18-44C9-8B8B-4D49293B4688

Agreement, its terms nor the fact that Parties had reached an agreement shall be referenced or used against either Party in this or any future litigation.

**5.      Dismissal of the Lawsuit**

If the Court does not, on its own, dismiss the Lawsuit with prejudice following its approval of this Agreement, upon court approval and full payment of the Settlement Payment identified in this Agreement, Employee's attorneys will execute and file, along with counsel for Employer, a stipulation to dismiss the Lawsuit with prejudice.

**6.      Release**

By signing this Agreement, Employee agrees to waive and release any and all claims for unpaid wages, unpaid compensation, or wage-related or compensation-related damages or penalties of any kind (including but not limited to liquidated damages or attorneys' fees and costs) Employee may have against Employer.

**7.      Full Knowledge, Consent, and Voluntary Signing**

Employee also agrees that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; he has not been coerced, threatened, or intimidated into signing this Agreement; and he has been advised to consult with an attorney, and in fact has consulted with an attorney who has fully explained the meaning of each provision of this Agreement.

**8.      Entire Agreement**

Employee and Employer agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Indiana. Employee and Employer further agree that this Agreement sets forth the entire agreement between the Parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement.  No other promises or agreements shall be binding unless made in writing and signed by Employee and Employer.

**9.      Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Employee and Employer agree that the remaining portions shall not be affected and shall be given full force and effect.

**10.      Binding Nature**

The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of Employer (including but not limited to any corporate successor of Employer) and Employee's heirs, administrators, executors and personal representatives.

DocuSign Envelope ID: 06291A46-8B18-44C9-8B8B-4D49293B4688

11.    **Amendment**

This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

12.    **Counterparts**

This Agreement may be executed in counterparts, each of which shall be taken to be one and the same document, with the same effect as if all Parties hereto had signed the same signature page.  Signatures obtained through Docusign or transmitted by fax or .pdf shall have the same effect as an original ink signature.


RICHARD KIRK                                   CET INCORPORATED

By: Natalie Bettai-Sakes

Date: February 7, 2022                         Date: 2/14/2022

4