# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **EUGENE KAMMER, individually and on behalf of other similarly situated employees,**<br>**Plaintiff,**<br><br>**v.**<br><br>**CET INCORPORATED,**<br>**Defendant.** | )<br>)<br>)<br>)<br>) Case No. 2:21-cv-00083<br>)<br>)<br>) |

### DECLARATION OF DOUGLAS M. WERMAN

I, Douglas M. Werman, declare as follows:

1. I am a member in good standing of the Illinois State Bar and am the managing shareholder of Werman Salas P.C.

2. I am familiar with the facts and circumstances of this action. I submit this declaration in support of Plaintiffs' Motion for Court Approval of Settlement Agreements and Dismissal.

**My Background and Experience**

3. I graduated from Loyola University of Chicago's School of Law in 1990. I received my undergraduate degree from the University of Illinois, Champaign-Urbana, in 1987. I was admitted to practice law in the State of Illinois in 1990. Since 2001, my practice has been highly concentrated in representing plaintiffs in collective and class actions arising under state and federal wage and hour laws.

4. I am admitted in the following courts:

| COURT OF ADMISSION | DATE OF ADMISSION |
|---|---|
| **State Admissions** | |
| State of Illinois | 11/08/1990 |
| **U.S. District Courts** | |
| Northern District of Illinois | 12/20/1990 |

1

| | |
|---|---|
| Western District of Michigan | 6/24/1999 |
| Central District of Illinois | 3/30/2001 |
| Eastern District of Michigan | 3/25/2003 |
| Southern District of Illinois | 4/08/2010 |
| Northern District of Indiana | 10/25/2010 |
| Western District of New York | 7/22/2015 |
| Federal Claims Court | 8/13/2015 |
| Southern District of Indiana | 11/5/2015 |
| Eastern District of Arkansas | 12/4/2015 |
| District of Colorado | 6/6/2017 |
| **U.S. Circuit Courts** | |
| Seventh Circuit Court of Appeals | 8/4/1994 |
| Second Circuit Court of Appeals | 11/21/2013 |
| Eleventh Circuit Court of Appeals | 5/6/2015 |
| Tenth Circuit Court of Appeals | 4/21/2016 |
| Ninth Circuit Court of Appeals | 5/20/2016 |

5.   I have been lead counsel in over seven hundred fifty (750) collective and class action cases filed in the state and federal courts. Some of these cases include:

- *Ortiz v. Manpower, Inc.,* No. 12 C 5248 (N.D. Ill. August 21, 2012) (class action for unpaid wages certified under F.R.C.P. 23 for over 85,000 employees);

- *Arrez v. Kelly Services, Inc.,* No. 07 C 1289 (N.D. Ill.) (class action for unpaid wages certified under F.R.C.P. 23 for over 95,000 employees);

- *Polk v. Adecco*, No. 06 CH 13405 (Cook County, Ill.) (class action for unpaid wages certified under Illinois law for over 36,000 employees);

- *Robbins v. Blazin Wings, Inc.,* No. 15-CV-6340 CJS, 2016 WL 1068201, at *1 (W.D.N.Y. Mar. 18, 2016) (FLSA certification of a collective of 62,000 tipped employees);

- *Martignago, et al v. Merrill Lynch & Co., Inc.*, Case No. 11-cv-03923-PGG (multi-state class action certified for over 10,000 employees);

- *Garcia v. JC Penney Corp., Inc.*, No. 12-CV-3687, 2016 WL 878203 (N.D. Ill. Mar. 8, 2016) (class action for owed pay for over 36,000 employees);

- *Haschak v. Fox & Hound Rest. Grp.,* No. 10 C 8023, 2012 U.S. Dist. 162476, at * 2 (N.D. Ill. Nov. 14, 2012) (F.R.C.P. 23 class certification for over 6,000 employees);

- *Schaefer v. Walker Bros. Enters., Inc.,* No. 10 C 6366, 2012 U.S. Dist. LEXIS 65432, at *4 (N.D. Ill. May 7, 2012) (F.R.C.P. 23 class certification for Illinois tipped employees);

- *Kernats v. Comcast Corp. Inc.,* Nos. 09 C 3368 and 09 C 4305, 2010 U.S. Dist. LEXIS 112071 (N.D. Ill. Oct. 20, 2010) (F.R.C.P. 23 class certification granted for over 8,000 Illinois employees);

- *Magpayo v. Advocate Health & Hosps. Corp.,* No. 16-CV-01176, 2018 WL 950093, at *1 (N.D. Ill. Feb. 20, 2018) (certifying Illinois state law claims under F.R.C.P. 23);

- *Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 311 (N.D. Ill. 2010) & *Driver,* No. 06 C 6149, 2012 U.S. Dist. LEXIS 27659, at *15 (N.D. Ill. Mar. 2, 2012) (F.R.C.P. 23 class certification for 19,000 tipped employees, decertification denied);

- *Schmidt v. Smith & Wollensky,* 268 F.R.D. 323 (N.D. Ill. 2010) (F.R.C.P. 23 class certification for Illinois tipped employees);

- *Hardaway v. Employbridge of Dallas, et al.*, No. 11 C 3200 (N.D. Ill.); *Williams v. Volt*, No. 10 C 3927 (N.D. Ill.) (IWPCA class action for owed pay for over 15,000 employees);

- *Rosales v. Randstad*, No. 09 C 1706 (N.D. Ill.) (class action certified under F.R.C.P. 23 for owed pay for over 20,000 employees);

- *Rusin v. Chicago Tribune,* No. 12 C 1135 (N.D. Ill. February 5, 2013);

- *Peraza v. Dominick's Finer Foods, LLC,* No. 11 C 8390 (N.D. Ill. November 20, 2012); and

- *Cope v. Let's Eat Out, Inc.,* 354 F. Supp. 3d 976 (W.D. Mo. 2019) (denying motion to decertify F.R.C.P. 23 class action under Missouri law and FLSA collective action).

These and other cases have successfully recovered owed wages, for hundreds of thousands of individuals.

6. Several federal courts have recognized the expertise that my firm and I possess in collective and class action litigation. For example:

3

- "Plaintiffs' Counsel are known and recognized lawyers in wage and hour litigation and have an excellent national reputation in representing tipped employees in this type of case. Courts recognize Plaintiffs' Counsel as leaders in advocating the rights of such workers throughout the United States." *Osman, et al. v. Grube, Inc., et al.* 2018 WL 2095172, at *4 (N.D. Ohio May 4, 2018);

- Douglas Werman and Werman Salas P.C. are "national leaders in advocating the rights of working people in wage and hour litigation" and describing Mr. Werman as a "highly respected and experienced lawyer[]…" *Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2017 WL 1425837, at *5-7 (N.D. Ill., Apr. 20, 2017);

- Awarding Werman Salas P.C. attorney's fees and stating that Mr. Werman and his firm are "… national leaders in advocating the rights of working people in wage and hour litigation. *Knox v. Jones Grp.,* No. 15-CV-1738 SEB-TAB, 2017 WL 3834929, at *5 (S.D. Ind. Aug. 31, 2017);

- Describing Douglas Werman as a "highly experienced attorney" in class actions. *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 328 n.5 (N.D. Ill. 2010) (Castillo, C.J.).

    7. My published cases exceed 250 decisions and include:

- *Ervin v. OS Rest. Servs.*, 632 F.3d 971 (7th Cir. 2011), the leading appellate decision addressing the propriety of a combined Rule 23 class action and a FLSA collective action under 29 U.S.C. § 216(b);

- *Marsh v. J. Alexander's LLC*, 869 F.3d 1108 (9th Cir. 2017), *on reh'g en banc*, 905 F.3d 610 (9th Cir. 2018) (the successful *en banc* reversal of a panel decision holding that the U.S. Department of Labor's sub-regulatory guidance that tipped employees are entitled to the full minimum wage for time spent in non-tipped occupations was a reasonable choice within a legislative gap left open by Congress and should receive *Auer* deference);

- *Fast v. Applebee's Int'l, Inc.,* 638 F.3d 872 (8th Cir. 2011) *cert. denied__* U.S. ___, 181 L. Ed. 2d 977 (Jan. 17, 2012) (explaining under Section 3(m) of the Fair Labor Standards Act what duties a tipped employee may lawfully perform while receiving a tip-credit wage rate);

    *Roach v. T.L. Cannon Corp.*, No. 13-3070-CV, 2015 WL 528125 (2d Cir. Feb. 10, 2015). (the lead appellate decision addressing the impact of the United States Supreme Court decision in *Comcast Corp. v. Behrend*, ___ U.S. ___, 133 S. Ct. 1426 (2013) on the predominance prong of Fed. R. Civ. P. 23(b)(3) in wage and hour class actions).

    8. I am a frequent speaker and author on class actions. Some examples of my speaking engagements are:

4

| | |
|---|---|
| National Employment Lawyers Association, Denver, 2019 | Strategies for Litigating Mass Individual Arbitrations |
| Chicago Bar Association, 2018 | What's Hot (and not) in Class Action Litigation |
| Chicago Bar Association, 2017, Chicago Fall Seminar on Wage and Hour Litigation | Settlement Strategies: Mediation and Court Approved Settlements in Wage and Hour Litigation |
| National Employment Lawyers Association National Convention, Los Angeles, 2016 | Co-Counseling & Cooperating with Other Plaintiffs' Lawyers |
| National Employment Lawyers Association National Convention, Los Angeles, 2016 | Who is an Employer & Who is an Employee? |
| Federal Bar Association, Chicago Chapter, Moderator, 2016 | Enforcement and Litigation Priorities: EEOC, NLRB, DOL |
| National Employment Lawyers Association National Convention, Washington, D.C., 2015 | Settlement Issues in Settling Wage and Hour Class and Collective Actions |
| American Bar Association, Fair Labor Standards Legislation Committee, Puerto Vallarta, Mexico 2015 | Litigation Issues in Wage and Hour Class and Collective Actions |
| Bridgeport Legal Conferences, Wage and Hour Class Action, Chicago, 2015 | Settlement of Wage and Hour Class Actions |
| Practicing Law Institute, Chicago, 2013, 2014, 2015 | FLSA Wage and Hour Update |
| Chicago Bar Association, Class Litigation Committee, 2011 | Current Terrain in Class Action Litigation |
| Illinois Institute of Continuing Legal Education, 2008 | Litigating Class Action Claims |
| AFL-CIO Lawyers Coordinating Committee, 2008 | Arbitrating Wage and Hour Cases |

9. At the request of Judge Amy St. Eve who sits on the United States Court of Appeals for the Seventh Circuit, I was 1 of 10 lawyers in the United States (5 lawyers who primarily represent employees and 5 who primarily represent employers) who in 2017 authored FLSA Initial Discovery Protocols designed to streamline discovery of such cases in federal courts. See, https://www.txs.uscourts.gov/sites/txs/files/Final_Initial_Discovery_Protocols_FLSA.pdf. The protocols were drafted in conjunction with the Federal Judicial Center (FJC) and the Institute for the Advancement of the American Legal System.

5

10. I am a member of the Board of Editors of the Leading Treatise on the Fair Labor Standards Act, entitled, "Kearns, *The Fair Labor Standards Act*," Fourth Edition, published by Bloomberg BNA in conjunction with the American Bar Association Section of Labor and Employment Law. I am the primary author of Chapter 9, Minimum Wage Requirements, and Chapter 18 "Settlement of FLSA Litigation" of that treatise.

**This Litigation and Settlement**

11. Plaintiff Kammer filed a Complaint against Defendant on March 4, 2021, alleging violations of the Fair Labor Standards Act ("FLSA").

12. Jeremiah Darling, Lee Riddle, Edward Vargas, and Richard Kirk are Opt-In Plaintiffs.

13. Defendant tendered to Plaintiffs (except Richard Kirk) 100% of their owed overtime pay for the first two years of the applicable FLSA limitations period.

14. The Parties pursued written discovery and deposition practice on the issue of willfulness in this case, and they were preparing to brief the issue on summary judgment motions when the case successfully resolved.

15. Under the Settlement Agreements, the Opt-In Plaintiffs will receive 76% of the wages they are owed for the third year under the limitations period that is in dispute.

16. Opt-In Plaintiff Richard Kirk will recover 100% of the liquidated damages he is owed for the first two years of the limitations period (the other Plaintiffs already recovered these damages).

17. The settlement amount, combined with the earlier tender to Plaintiffs for the first and second years of the FLSA limitations period, will result in Plaintiffs recovering nearly 80% of the maximum value of their overtime claim, inclusive of liquidated damages.

**My Firm's Lodestar**

18. The settlement agreements also separately allow for a payment of Plaintiffs attorneys' fees and costs, in an amount that is significant reduction of the lodestar accrued thus far in this matter.

19. My firm's unpaid lodestar in this matter amounted to $110,697.67 as of December 10, 2021. Under the Settlement Agreements, my firm will receive $37,389.81 in fees. This amounts to a 66% reduction from the total value of the attorney time spent litigating this matter.

**Contingent Nature of Action**

20. My firm employs six lawyers. Because of the size and commitment of this litigation, my firm expended time on this litigation that could have been spent on other fee-generating work. And because my firm represented Plaintiffs on a contingency-fee basis, my firm and co-counsel took the risk of expending substantial time and expenses in litigating this action without any monetary gain in the event of an adverse judgment.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

**Executed this February 18, 2022**
Chicago, Illinois.

_____
Douglas M. Werman

**WERMAN SALAS P.C.**
77 W. Washington Street, Ste. 1402
Chicago, Illinois 60602
P: (312) 419-1008
Email: dwerman@flsalaw.com