UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EUGENE KAMMER, individually and on behalf of similarly situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:21-cv-83 ) ) |
| CET INCORPORATED, | ) ) ) |
| Defendant. | ) |

**ORDER**

Plaintiff, Eugene Kammer, and Opt-In Plaintiffs, Jeremiah Darling, Lee Riddle, Edward Vargas, and Richard Kirk, through counsel, filed a Motion for Court Approval of Settlement Agreement and Dismissal. [DE 52.] This is a Fair Labor Standards Act ("FLSA") collective action, and the parties also filed several Settlement and Release Agreements for the named plaintiff and opt-in plaintiffs. [DE 52-1.] As indicated in the caption of the motion, Defendant does not oppose this motion.

As detailed in the motion, the parties have reached a settlement of this conditionally certified FLSA collective action in which Plaintiffs alleged that Defendant paid certain non-exempt hourly employees straight time for all hours worked, including those in excess of 40 hours in a single workweek. [DE 1 at 1.] Defendant denied these allegations. [DE 14.] CET Incorporated then made a monetary tender of damages to Plaintiff and the additional Opt-In Plaintiffs, assuming a two-year statute of limitations applied under the FLSA. [DE 28 at 1.]

The parties disputed whether CET was liable for paying overtime pay and

penalties for the third year of FLSA liability, which is owed when an employer's violation of the FLSA is willful. *Id.* On June 25, 2021, I ruled that Plaintiffs had met the pleading standard to allege a willful violation under the FLSA. [DE 34.] The parties pursued written discovery and depositions on the willfulness issue. To avoid further expense and uncertainty of litigation, Plaintiffs and CET negotiated and executed settlement agreements.

Under the agreements, the Opt-In Plaintiffs will receive 76% of the wages they are owed for the third year (under the limitations period in dispute), and Opt-In Plaintiff Richard Kirk will recover 100% of the liquidated damages he is owed for the first two years of the limitations period (the other Plaintiffs already recovered these damages). [DE 52-1; Werman Dec., DE 52-2, at ¶¶ 15-16.] The settlement amount, combined with the earlier tender to Plaintiffs for the first and second years of the FLSA limitations period, will result in Plaintiffs recovering nearly 80% of the maximum value of their overtime claim, including liquidated damages. [Werman Dec. ¶ 17.] The settlement agreements also separately allow for a payment of Plaintiffs' attorneys' fees and costs, in an amount that is a significant reduction of the lodestar accrued so far in this matter. [*Id.* ¶ 19.] Under the Settlement Agreements, the law firm will receive $37,389.81 in fees. *Id.*

### Procedural History

On March 4, 2021, Mr. Kammer filed a one-count complaint against Defendant CET asserting an FLSA collective action under 29 U.S.C. § 216(b), to recover unpaid minimum wages owed to himself and similarly situated employees of CET. CET is a

2

consulting engineering firm that provides services to its clients, including assigning workers to work for third-party client companies. Mr. Kammer, for example, was employed by CET as a Labor Shop Foreman at Arcelor's Burns Harbor, Indiana facility. Specifically, Kammer alleged that he and other similarly situated workers were paid the same hourly rate for all hours worked, including those in excess of 40 hours in an individual workweek.

As I mentioned before, CET filed a motion for judgment on the pleadings, arguing that Kammer had not sufficiently alleged willfulness; therefore, any claims outside of the general two-year statute of limitations were barred. [DE 24.] I denied this motion, finding Kammer's allegations relating to willfulness were sufficiently pleaded. [DE 34.]

The parties then filed a joint stipulation and motion for one-step notice under 19 U.S.C. § 216(b). [DE 31.] I granted the motion, conditionally certified the class under the FLSA, and approved of the submitted notice. [DE 35.] Following discovery, Plaintiffs and CET negotiated and executed Settlement Agreements as to the named plaintiff and opt-in plaintiffs. [DE 52-2.]

### Evaluation of the Fairness of the Settlement

First, I note that a final fairness hearing is not necessary in this case dealing only with the settlement of FLSA claims. *See, e.g., Heuberger v. Smith*, No. 3:16-CV-386 JD, 2019 WL 3030312, at *2 (N.D. Ind. Jan. 4, 2019) ("the Court can review and approve the settlement agreement without holding a final fairness hearing . . . ."). In looking at the appropriate standard to apply, courts will usually approve a settlement where "it is the

3

result of contentious arm's-length negotiations, which were undertaken in good faith by counsel and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Beckwith v. Planet Forward, LLC*, No. 3:18-cv-801 JD, 2019 WL 588178, at *1 (N.D. Ind. Feb. 13, 2019) (quotation omitted).

Here, I can say the settlement agreements are the product of contested litigations. Plaintiffs were represented by counsel, there was contested briefing on the sufficiency of the pleadings, the parties exchanged written discovery, and CET's corporate representative sat for a deposition.

There was also a bona fide dispute. Kammer alleged that CET's violation of the FLSA was willful. And on the other side, CET consistently denied this allegation. This adversarial nature "provides some assurance of an adversarial context" and therefore "indicia of fairness to a settlement reached as a result." *Donaldson v. MBR Cent. Ill. Pizza, LLC*, No. 18-cv-3048, 2019 WL 4447969, at * 1(C.D. Ill. Sept. 17, 2019). Ultimately, if Plaintiffs' allegations proved correct, Defendant would face a potentially large monetary verdict, as well as an obligation to pay legal fees and costs incurred by Plaintiffs to prosecute the case through trial, and possibly an appeal. Conversely, if Defendant's defenses won the day, Kammer and the Opt-In Plaintiffs would obtain no recovery at all. I have no trouble finding there was a bona fide dispute between the parties in this case.

I also believe the proposed settlement reflects a fair and reasonable resolution. When reviewing the fairness of a FLSA settlement, a court normally considers the

following factors: "(1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Heuberger*, 2019 WL 3030312, at *3 (citing *Burkholder v. City of Fort Wayne*, 750 F.Supp.2d 990, 993-94 (N.D. Ind. Nov. 1, 2010)). Considering these factors here, I find the proposed settlement is reasonable.

This case involved complex issues of facts and law, data was exchanged by both sides, the underlying merits of the dispute were evaluated by both sides (including the analysis of damages), and after arms-length negotiations, settlements were reached that, in my opinion, are beneficial and fair to both sides. Plaintiffs will receive an amount equal to 76% of the alleged damages at issue under the third year of the limitations period, as well as attorneys fees. That, combined with the earlier tender to Plaintiffs for the first and second years of the FLSA limitations period, will result in Plaintiffs recovering nearly 80% of the maximum value of their overtime claim. *See, e.g., Besic v. Byline Bank, Inc.*, No. 15 C 8003, 2015 WL 13763028 (N.D. Ill. Oct. 26, 2015) (approving settlement equal to 60% of lost wages); *Selk v. Pioneers Mem. Healthcare Dist.*, 159 F.Supp.3d 1164, 1174-75 (S.D. Cal. 2016) (recognizing reasonable ranges of settlement of FLSA claims between 26%-50% of the best possible recovery).

Plaintiffs' counsel's fees also seem reasonable, as they will receive an amount that

5

is a 66% reduction from the total lodestar of the attorney time spent litigating this matter. [Werman Dec., ¶ 19.] The FLSA contains fee and cost shifting provisions. 29 U.S.C. § 216(b). The Seventh Circuit recognizes that the purpose of fee shifting is to "assure competent representation for plaintiffs" and enable Plaintiffs to vindicate their rights. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 643 (7th Cir. 2011).

To ensure a fee award is reasonable, I need to consider the factors enumerated in *Hensley*:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Anderson v. AB Painting & Sandblasint, Inc.*, 578 F.3d 542, 544 & n. 1 (7th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3 (1983)).

Plaintiffs' law firm is small, only employing six lawyers. Because of their small size, it expended time on this litigation that it could have spent on other fee-generating work. [Werman Aff. ¶ 20.] And because it represented Plaintiffs on a contingency fee basis, the firm and counsel took the risk of expending substantial time and expenses in litigating this action, with no monetary gain guaranteed. Finally, counsel is extremely experienced in these collective cases. [*Id.* at 3-7.] Thus, I do find that the difficulty of the questions presented, and skill, experience, reputation, and ability of the attorneys support Plaintiffs' counsels' requested fee.

6

The Seventh Circuit has stated that "the most critical factor" in calculating a reasonable fee award is the degree of success obtained. *Hensley*, 461 U.S. at 436. Having reviewed the Settlement Agreements, including the amounts of recovery, I believe they are a good result for Mr. Kammer and the Opt-In Plaintiffs. While the amount of recovery from a trial could potentially have been larger, it also could have been little, if nothing at all.

## Conclusion

For the reasons set forth above, I hereby find the settlement in this matter fair and appropriate, and GRANT Plaintiffs' Motion for Court Approval of Settlement Agreement and Dismissal [DE 52]. This case is DISMISSED WITHOUT PREJUDICE, with leave to reinstate on or before seven (7) days after the date by which Defendant shall make the payments agreed to in the Settlement Agreements. In the event a motion to reinstate is not filed before seven (7) days after the date by which Defendant shall make the payments agreed to in the Settlement Agreements, the case shall be dismissed with prejudice, without further order or action of the Court.

Finally, the telephonic scheduling conference previously set for Monday February 28, 2022 is VACATED.

SO ORDERED.

ENTERED: February 24, 2022.

                                          /s/   Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT